Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. On 31 May 1999, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between plaintiff and defendant-employer on the date of the alleged injury by accident.
3. At the time of the alleged injury by accident defendant-employer was self-insured and the servicing agent was AIG Claim Services, Inc.
4. The date of the alleged injury by accident is 31 May 1999.
5. Plaintiff alleges the nature of the injury is lumbar strain and contusion of the lumbar region.
6. Plaintiff's average weekly wage was $433.00, which yields a compensation rate of $288.67.
7. Plaintiff is claiming temporary total disability compensation and payment of medical treatment from 1 June 1999 and continuing.
8. The date plaintiff last worked for defendant-employer was 18 June 1999. Plaintiff did not return to work for defendant-employer after 18 June 1999, and she alleges that she has not returned to work for any other employer.
9. The parties stipulated into evidence as Stipulated Exhibit 1, plaintiff's medical records from Dr. Steven L. Hamstead of Physicians East, P.A., MRI studies from MRI of Eastern Carolina, Pitt Memorial Hospital, Greenville MRI Ltd., Quadrangle Medical Specialists, P.A., Regional Cardiology Consultants, P.A., Eastern Radiologists, Inc., Chapel Hill Radiology, ECU School of Medicine, and the ambulance call report filed by Farmville Rescue EMS, Inc. The parties stipulated into evidence as Stipulated Exhibit 2, a job description for the warper creeler position; Stipulated Exhibit 3, a job description for an inspector; Stipulated Exhibit 4, client's letter of resignation; Stipulated Exhibit 5, a memo to plaintiff's file by Randy White; Stipulated Exhibit 6, defendant's responses to plaintiff's discovery; Stipulated Exhibit 7, a summary of payroll records for plaintiff; Stipulated Exhibit 8, a weather report for 31 May 1999.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner, plaintiff was a 48 year old female with a birth date of 18 October 1951, and was employed at defendant-employer from 5 October 1987 through 23 July 1999. Plaintiff's job was an inspector of automotive fabric which required her to mark and flag defects, color variation and width. She also worked on a frame inspecting and marking cloth. Plaintiff worked the first shift.
2. Plaintiff worked in a building that was not air-conditioned.
3. Plaintiff has a long history of fainting at work, which is documented by medical evidence and records of defendant-employer and plaintiff's testimony.
4. There is no evidence that any of these episodes of syncope or fainting ever occurred at any place other than defendant-employer's building.
5. Plaintiff has a history of problems with heat related incidents, all of which occurred during the summer months. After becoming aware of plaintiff's propensity to have these types of heat related incidents, defendant-employer offered her jobs on the third shift, which was the coolest of the three shifts at the Farmville plant. Defendant-employer made these job offers prior to 31 May 1999. Plaintiff, however, refused to work the third shift. Defendant-employer also offered plaintiff an air-conditioned warp creeler job prior to 31 May 1999, which she did not accept.
6. On 31 May 1999, plaintiff was working in the inspection department when she began to feel weak and hot. She then went to the bathroom and returned to running the inspection machine. Plaintiff began feeling hot again and asked co-worker Mary Ellis to get Jenny Martin, an EMTD, for assistance. At that point, plaintiff alleges that she returned to the restroom, put water on herself, went to the handicapped stall, missed the commode and landed on the floor.
7. Plaintiff offered no witnesses to support her claim that she fell in the bathroom on 31 May 1999. Co-worker Pam Black followed plaintiff into the bathroom on 31 May 1999. Ms. Black never lost sight of plaintiff coming into the bathroom and never observed plaintiff fall at any time. There was never a period of time when plaintiff could have fallen without Ms. Black seeing or hearing her. Ms. Black testified plaintiff was sitting on the commode the entire time plaintiff was in the bathroom. Plaintiff never said anything to Ms. Black about falling to the floor. Furthermore, there was no bruising or any spots on plaintiff's clothing that would suggest plaintiff had fallen. Plaintiff never complained of any pain to Ms. Black as a result of a fall on 31 May 1999.
8. Plaintiff did not report her alleged fall to anyone at defendant-employer. Plaintiff never said anything to supervisor Reed Kennedy about falling and hurting her hip on 31 May 1999. Co-worker Joyce Garris was with plaintiff for approximately twenty to thirty minutes after plaintiff's alleged 31 May 1999 fall. Plaintiff never said anything to Ms. Garris about having fallen in the bathroom. Plant nurse Lori DeVente examined plaintiff following her alleged fall on 31 May 1999 but did not see any signs of back or hip pain or any injury. Plaintiff did not report a fall or back injury to Ms. DeVente on that day.
9. Plaintiff was transported to Pitt Memorial Hospital by Farmville EMS. The Farmville EMS report taken on 31 May 1999 indicates that plaintiff came into the office at defendant-employer to get something and fainted. The report makes no reference to any fall, injury, or back pain and specifically states that plaintiff denied any other pain or injury except for a fainting spell.
10. Records from plaintiff's treatment at Pitt County Memorial Hospital on 31 May 1999 make no reference to plaintiff falling or injuring herself as she alleges. These records likewise make no reference to plaintiff having any complaints of back or hip pain. The records from Pitt County Memorial Hospital only make note of plaintiff getting hot and fainting. Thus, plaintiff did not tell the medical care providers who treated her immediately after leaving work on 31 May 1999, that she fell or suffered any injury on that date.
11. Plaintiff saw Dr. Steven Hamstead following her alleged injury. Dr. Hamstead testified that plaintiff did not tell him that she had fallen on 31 May 1999. Instead, plaintiff only reported to Dr. Hamstead that she had a period of time of when she did not have a "memory" of what had happened.
12. Plaintiff then saw orthopaedic specialist Dr. Max Rolf Kasselt. Dr. Kasselt did not find any evidence that plaintiff fell or suffered a back injury on 31 May 1999, as she alleges. Dr. Kasselt likewise determined that plaintiff has no disability as a result of her alleged 31 May 1999 fall.
13. Although plaintiff may have fainted at work on 31 May 1999, she suffered no disability due to her fainting incident.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment on 31 May 1999. N.C. GEN. STAT. §97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. GEN. STAT.97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 ORDER
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of July 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/________________ BERNADINE BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER
LKM/mhb